```
                          United States Bankruptcy Court
                          Eastern District of Pennsylvania
In re:                                                       Case No. 16-16691-sr
Gregory J. Bishop                                            Chapter 7
         Debtor
                              CERTIFICATE OF NOTICE
District/off: 0313-2          User: admin              Page 1 of 1       Date Rcvd: Dec 23, 2016
                              Form ID: 318             Total Noticed: 13

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 25, 2016.
db            +Gregory J. Bishop,    112 Bobbie Drive,    Ivyland, PA 18974-1650
13795602       Chase Manhattan Mortgage Corporation,    Attn: Customer Service Research,    Mail Code: OH4-7302,
                P.O. Box 24696,   Columbus, OH 43224-0696
13795606      +United States Attorney General,    US Department of Justice,    Ben Franklin Station,
                PO Box 683,   Washington, DC 20044-0683

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr            +EDI: QRHHOLBER.COM Dec 24 2016 00:33:00     ROBERT H. HOLBER,    Robert H. Holber PC,
                41 East Front Street,    Media, PA 19063-2911
smg            E-mail/Text: bankruptcy@phila.gov Dec 24 2016 00:46:42     City of Philadelphia,
                City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                Philadelphia, PA 19102-1595
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 24 2016 00:45:35
                Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                Harrisburg, PA 17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Dec 24 2016 00:46:38     U.S. Attorney Office,
                c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13795600       EDI: BANKAMER.COM Dec 24 2016 00:33:00     Bank of America,    PO Box 982238,
                El Paso, TX 79998
13795601      +EDI: CHASE.COM Dec 24 2016 00:33:00     Chase,    Attn: Correspondence Dept,    PO Box 15298,
                Wilmington, DE 19850-5298
13795603       EDI: DISCOVER.COM Dec 24 2016 00:33:00     Discover Card,    PO Box 30943,
                Salt Lake City, UT 84130
13795604       EDI: IRS.COM Dec 24 2016 00:33:00     IRS,    PO Box 7346,    Philadelphia, PA 19101-7346
13796636       EDI: RECOVERYCORP.COM Dec 24 2016 00:33:00     Recovery Management Systems Corporation,
                25 S.E. 2nd Avenue, Suite 1120,    Miami, FL 33131-1605
13795605      +E-mail/Text: usanj.njbankr@usdoj.gov Dec 24 2016 00:46:21     United States Attorney,
                Peter Rodino Federal Building,    970 Broad Street, Suite 700,    Newark, NJ 07102-2527
                                                                                              TOTAL: 10

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
aty*          +ROBERT H. HOLBER,    Robert H. Holber PC,    41 East Front Street,    Media, PA 19063-2911
                                                                                   TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 25, 2016                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 22, 2016 at the address(es) listed below:
              CAROL L. KNOWLTON    on behalf of Debtor Gregory J. Bishop cknowlton@gorskiknowlton.com
              DENISE ELIZABETH CARLON    on behalf of Creditor    JPMORGAN CHASE BANK, N.A.
               bkgroup@kmllawgroup.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              ROBERT H. HOLBER    trustee@holber.com, rholber@ecf.epiqsystems.com
              ROBERT H. HOLBER    on behalf of Trustee ROBERT H. HOLBER trustee@holber.com,
               rholber@ecf.epiqsystems.com
              THOMAS I. PULEO    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                             TOTAL: 7
```

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Gregory J. Bishop** | Social Security number or ITIN **xxx–xx–1743** |
| | First Name   Middle Name   Last Name | EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN _ _ _ _ |
| | | EIN _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court  **Eastern District of Pennsylvania**

Case number:  **16–16691–sr**

# Order of Discharge                                                                                          12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Gregory J. Bishop

12/22/16                                                                **By the court:**  Stephen Raslavich
                                                                                    United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Official Form 318         **Order of Discharge**         page 2